```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLSTATE INDEMNITY COMPANY,

                    Plaintiff,          MEMORANDUM & ORDER
                                        15-CV-5047(JS)(AKT)
        -against-

PAUL COLLURA, CHRISTINE COLLURA,
BANK OF NEW YORK MELLON f/k/a BANK
OF NEW YORK AS TRUSTEE FOR CERTIFICATE
HOLDER CWALT, INC., UNITED STATES OF
AMERICA, CAPITAL ONE HOME LOANS, LLC,
and COUNTRYWIDE HOME LOANS, INC.,

                    Defendants.
----------------------------------X
```
APPEARANCES
For Plaintiff:      Karen Maria Berberich, Esq.
                    Rosa M. Feeney, Esq.
                    Caroline Knoepffler Hock, Esq.
                    Lewis Johs Avallone Aviles, LLP
                    One CA Plaza, Suite 225
                    Islandia, NY 11749

For Defendants:
Paul and Christine
Collura              Lloyd M. Eisenberg, Esq.
                    Eisenberg & Carton
                    535 Broadhollow Road, Suite M105
                    Melville, NY 11747

                    Donna Rosanne Ruggiero, Esq.
                    Eisenberg & Carton
                    1227 Main Street, Suite 101
                    Port Jefferson, NY 11777

Bank of New York
Mellon:              Sarah Joanne Greenberg, Esq.
                    Eckert Seaman
                    10 Bank Street, Suite 700
                    White Plains, NY 10606


United States of
America:             Wallace D. Dennis, Esq.

Department of Justice, Tax Division
                    Ben Franklin Station, PO Box 55
                    Washington, D.C. 20044

Capital One Home
Loans, LLC and
Countrywide Home
Loans, Inc.:        No appearances

SEYBERT, District Judge:

Plaintiff Allstate Indemnity Company ("Plaintiff" or "Allstate") commenced this interpleader action against Paul and Christine Collura (the "Colluras"), Bank of New York Mellon ("BNY"), the United States of America (the "United States" or the "Government"), Capital One Home Loans, LLC ("Capital One"), Bank of America ("Bank of America") and Countrywide Home Loans, Inc. ("Countrywide" and collectively, "Defendants") on August 28, 2015. (Compl., Docket Entry 1.) Currently pending before the Court is Magistrate A. Kathleen Tomlinson's Report and Recommendation dated February 7, 2017 (the "R&R", Docket Entry 83) with respect to Plaintiff's motion to deposit proceeds from a homeowner's insurance policy with the Court (Docket Entry 56) and Plaintiff's motion for a default judgment against Capital One and Countrywide (Docket Entry 59). Judge Tomlinson recommends that this Court grant Plaintiff's motions. (R&R at 2.) Defendant BNY filed objections to the R&R, (BNY Obj., Docket Entry 86), and the United States responded to those objections (U.S. Reply, Docket Entry 87). For the following reasons, BNY's objections are

2

OVERRULED, and the R&R is ADOPTED IN PART and REJECTED IN PART. Plaintiff's motion to deposit funds is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion for a default judgment is GRANTED.

BACKGROUND

I. Relevant Facts

Plaintiff issued a homeowners insurance policy (the "Policy") on a property owned by the Colluras (the "Property") in Southhampton, New York. (Compl. ¶ 12.) On March 16, 2015, the Property sustained damage, and the Colluras subsequently filed a claim. (Compl. ¶¶ 2-3, 15.) Plaintiff inspected the damage and estimated the replacement cost value to be $75,460.04. (Estimate, Compl. Ex. B, at 85.) Plaintiff further estimated that the actual cash value of the net claim was $65,582.18, after reductions for depreciation of $4,013.86 and prior payments of $5,864.00. (Estimate at 85.) On August 11, 2015, Plaintiff provided the estimate to the Colluras and advised that it would settle the claim for $65,582.18. (Settlement Ltr., Compl. Ex. C, at 92.) Pursuant to the terms of the Policy, if the insured does not repair the damage, payment will be made on an actual cash value basis and depreciation is not recoverable. (Policy, Compl. Ex. A, at 22-64, at 40, ¶ 5(b).) Conversely, the Policy provides that if the insured repairs the damage within 180 days of receiving the actual cash value payment, Plaintiff will "make additional payment to

reimburse [the insured] for cost in excess of actual cash value" and depreciation is recoverable.[1]  (Policy at 40, ¶ 5(c).)

After forwarding the estimate to the Colluras, Plaintiff discovered that there were multiple lienholders with potential claims to the settlement proceeds, including: (1) Capital One, which issued a mortgage and was on the deed for the Property; (2) BNY, to which the mortgage was assigned by Capital One; (3) Bank of America, the mortgage servicer; (4) the United States, which had two federal tax liens on the Property of $75,690.80 and $80,537.52; and (5) a third party who filed a Notice of Pendency against the Colluras.  (Compl. ¶ 18.)  Plaintiff alleges that it cannot determine which lienholders, if any, are entitled to the proceeds and commenced this action to resolve the competing claims.

II.  Procedural History

As stated, Plaintiff filed the Complaint on August 28, 2015.  The Government answered the Complaint on November 15, 2015 and acknowledged the tax liens.  (U.S. Answer, Docket Entry 21.)  Bank of America answered the Complaint on November 30, 2015 and disclaimed any right to the settlement proceeds.  (Bank of America

---

[1] Although not material to the pending motion, the Settlement Letter states that "[y]ou may make a claim for additional payment as described in the Building Structure Reimbursement provision and, when applicable, the Personal Property Reimbursement provision if you repair or replace the damaged, destroyed or stolen covered property 'within two years after the date of the loss.'"  (Settlement Ltr., at 92.)

4

Answer, Docket Entry 25.) BNY filed its answer on November 30, 2015 and asserted cross-claims against each of the Defendants. (BNY Answer, Docket Entry 24.) The same day, the Colluras answered the Complaint and asserted a counter-claim against Plaintiff and cross-claims against each of the Defendants. (Collura Answer, Docket Entry 26.) On April 6, 2016, Bank of America was dismissed from the case. (Stip. & Order, Docket Entry 54.)

On April 15, 2016, Plaintiff filed a motion to deposit the proceeds with the Court and be released from this litigation. (Mot. to Deposit, Docket Entry 56; Pl.'s Deposit Br., Docket Entry 58.) Specifically, Plaintiff seeks to deposit $65,582.18 immediately, and $4,013.86 at a later date should proof of repairs be submitted (the "Settlement Amount"). (Pl.'s Deposit Br. at 2.) Finally, Plaintiff seeks dismissal of the Colluras' counterclaim against it. (Pl.'s Deposit Br. at 2.) BNY opposed the motion and requested that the Court award the Settlement Amount to BNY. (BNY Opp., Docket Entry 63, at 14-15.) The Colluras filed a response on May 19, 2016, advising that while they did not object to Plaintiff's motion, they opposed disbursement of the Settlement Amount to BNY. (Collura Reply, Docket Entry 70.) On June 14, 2016, the Government also opposed BNY's request for affirmative relief. (U.S. Reply, Docket Entry 74.) Plaintiff filed its reply in further support of its motion on May 17, 2016. (Pl.'s Reply, Docket Entry 69.)

On April 18, 2016, Plaintiff filed a motion for a default judgment against Capital One and Countrywide. (Default Mot., Docket Entry 59.) None of the parties opposed the motion.

On October 24, 2016, the undersigned referred both motions to Judge Tomlinson for an R&R on whether the motions should be granted. (Referral Order, Docket Entry 82.) On February 7, 2017, Judge Tomlinson issued her R&R recommending that Plaintiff's motions be granted. (R&R at 2.) BNY has objected to Judge Tomlinson's recommendation that Plaintiff be permitted to deposit the Settlement Amount with the Court and be discharged from the case. (See, BNY Obj.) The Government filed a response to BNY's objections. (See, U.S. Reply.) None of the Defendants objected to Judge Tomlinson's recommendation that the Court grant Plaintiff's motion for a default judgment.

III. The R&R

At the outset, Judge Tomlinson summarized the two-step process for analyzing interpleader actions under either Federal Rule of Civil Procedure 22 ("Rule Interpleader") or 28 U.S.C. § 1335 ("Statutory Interpleader"). (R&R at 9.) First, the Court analyzes the basis for interpleader jurisdiction, and second, if interpleader is permitted, the Court resolves the competing claims and directs that the funds be disbursed accordingly. (R&R at 9.) Judge Tomlinson limited her discussion to the first prong,

concluding that it was inappropriate to adjudicate the claims to the proceeds at this juncture.² (R&R at 15-17.)

Judge Tomlinson began by analyzing the requirements of Statutory Interpleader. (R&R at 15.) She found that Plaintiffs established the jurisdictional prerequisites for Statutory Interpleader based on the settlement amount and minimum diversity between the parties. (R&R at 17-23.) However, she concluded that the Court could not exercise Statutory Interpleader jurisdiction unless Plaintiff agreed to deposit the policy maximum of $363,000, because Statutory Interpleader requires that the plaintiff deposit the entire contested amount to proceed.³ (R&R at 17-27.) Accordingly, she gave Plaintiff an opportunity to deposit $363,000 before recommending dismissal of the case. (R&R at 27.)

As an alternative, Judge Tomlinson analyzed whether Plaintiff could maintain the action under Rule Interpleader.⁴ (R&R

---

² Judge Tomlinson rejected BNY's argument urging the Court to award the proceeds to BNY, because, among other reasons, BNY failed to comply with numerous procedural rules for seeking affirmative relief. (R&R at 15-16.)

³ As Judge Tomlinson explained, "BNY has disputed the sufficiency of th[e] [settlement] amount and instead invokes the Policy to assert that Plaintiff should deposit the maximum amount of dwelling coverage provided for." (R&R at 27.)

⁴ In its motion, Plaintiff requested leave to amend the Complaint to plead Rule Interpleader if necessary. Judge Tomlinson concluded that the Court could sua sponte convert the case to an

7

at 28.) Unlike Statutory Interpleader, Rule Interpleader requires that Plaintiff affirmatively demonstrate subject matter jurisdiction. (R&R at 10.) Judge Tomlinson determined that the Court could exercise diversity jurisdiction based on complete diversity between Plaintiff and Defendants and the amount in controversy. (R&R at 28-31.) She further found that Plaintiff's concerns regarding the proper allocation of the proceeds were justified. (R&R at 31-33.) As a result, she concluded that the action could be maintained under Rule 22 and recommended that Plaintiff be directed to deposit $69,596.04[5] with the Court pursuant to Federal Rule of Civil Procedure 67. (R&R at 34.) With regard to Plaintiff's request to be discharged from the action, Judge Tomlinson found that discharge was appropriate because Plaintiff was a neutral stakeholder and disclaimed any interest in the proceeds. (R&R at 35-36.) She recommends that the Court discharge Plaintiff after it deposits $69,596.04 with the Court. (R&R at 36.)

As to Plaintiff's final request--that the Court dismiss the Colluras' counter-claim--Judge Tomlinson declined to consider dismissal at this time. (R&R at 33, n.12.) Because the Colluras

---

action for Rule Interpleader, rendering the motion to amend moot. (R&R at 28, n.9.)

[5] This includes the actual cash value of the claim, $65,582.18, plus the recoverable depreciation of $4,013.86. (R&R at 34.)

8

did not oppose the dismissal of their counter-claim, she advised the parties to seek voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). (R&R at 33, n.12.)

Finally, Judge Tomlinson considered Plaintiff's motion for a default judgment against Countrywide and Capital One. (R&R at 37.) Based on the relevant factors, she recommends that the Court enter a default judgment against both defendants. (R&R at 42.)

## DISCUSSION

Before considering the parties' arguments, the Court will summarize the relevant legal standards.

I. Legal Standards

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV.

P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

Interpleader actions are "designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." Fidelity Brokerage Servs., LLC v. Bank of China, 192 F. Supp. 2d 173, 177 (S.D.N.Y. Mar. 18, 2002). As discussed, interpleader actions may proceed under Federal Rule of Civil Procedure 22 or 28 U.S.C. § 1335, although the jurisdictional requirements differ slightly. Under Rule 22, the plaintiff must demonstrate either diversity jurisdiction or federal question jurisdiction. CF 135 Flat LLC v. Triadou SPV S.A., No. 15-CV-5345, 2016 WL 1109092, at *2, n.1 (S.D.N.Y. Mar. 18, 2016). To plead diversity jurisdiction,

complete diversity between the parties, along with an amount in controversy exceeding $75,000, is required. Penn. Public School Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc., 772 F.3d 111, 117-18 (2d Cir. 2014); see also 28 U.S.C. § 1332(a). In other words, "all plaintiffs must be citizens of states diverse from those of all defendants." Penn. Pub. School, 772 F.3d at 118. However, under Section 1335, the interpleader plaintiff need only show minimal diversity between the parties. Hartford Life Ins. Co. v. Simonee, No. 14-CV-7520, 2016 WL 6956726, at *3 (E.D.N.Y. Nov. 9, 2016). Additionally, the interpleader plaintiff must also show that the "claims in question may expose [that] party . . . to double or multiple liability." CF 135 Flat LLC, 2016 WL 1109092, at *2 (quoting FED. R. CIV. P. 22(a)(1)) (internal quotation marks omitted). Generally, "[a] neutral stakeholder having no claim to the subject matter of the action" may be discharged after the disputed funds are deposited with the Court. Aon Corp. v. Hohlweck, 223 F. Supp. 2d 510, 514 (S.D.N.Y. Sept. 3, 2002).

II. Rule Interpleader

As an initial matter, the Court must address an argument made by the Government that may implicate its subject matter jurisdiction.[6] The R&R and BNY's objections both relied on Rule

---

[6] The Court has considered whether, as a procedural matter, the Government waived this argument by failing to object to the R&R in a timely manner. However, because a challenge to subject matter jurisdiction can be raised at any time by either the

11

Interpleader as an appropriate basis for interpleader jurisdiction. (BNY Obj. at 4; R&R at 34.) Further, unless Plaintiff is willing to deposit the policy maximum with the Court, Rule Interpleader is the only basis for interpleader jurisdiction. The Government argues that Plaintiff cannot establish the jurisdictional requirements of Rule 22 because complete diversity is destroyed by the presence of the United States as a party. (U.S. Reply at 4.)

The Court agrees. The statute which governs diversity jurisdiction, 28 U.S.C. § 1332, states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . between . . . citizens of different states." See 28 U.S.C. § 1332(a)(1). Because section 1332 requires complete diversity between the parties, the Court must examine the citizenship of each party. See Penn. Public School, 772 F.3d at 118. However, the United States is not a citizen of any state. See United States v. Dry Dock Savings Institution, 149 F.2d 917, 918 (2d Cir. 1945). Therefore, the presence of the United States as a defendant destroys complete diversity. See, e.g., United States v. Park Place Assocs., Ltd., 563 F.3d 907, 919 n.7 (9th Cir. 2009) ("The

---

parties or the court, the Court is obligated to address it. See Hammerstein v. Fed. Republic of Germany, 488 F. App'x 506, 508 (2d Cir. 2012).

12

United States, however, is neither a state nor a citizen of a state, and may neither sue nor be sued under § 1332."); Martin v. Sallie Mae, Inc., No. 07-CV-0123, 2007 WL 4305607, at *3 (S.D. W. Va. Dec. 7, 2007) ("[A] claim brought by a citizen of the United States against the United States does not satisfy diversity or citizenship."); T M Sys., Inc. v. United States, 473 F. Supp. 481, 485 (D. Conn. 1979) ("Defendant United States, however, is not a citizen of any state within the meaning of diversity jurisdiction.").[7]

---

[7] Further, because it is an indispensable party in this action, the Court declines to dismiss the United States to preserve diversity jurisdiction. See CP Solutions PTE, Ltd. v. General Electric Co., 553 F.3d 156, 159 (2d Cir. 2009) ("Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction, . . . provided the nondiverse party is not 'indispensable' under Rule 19(b)."); T M Sys. Inc., 473 F. Supp. at 485 ("[D]iversity is destroyed unless the United States is not an indispensable party to [the] suit."). To evaluate whether a party is indispensable, Federal Rule of Civil Procedure 19(b) specifies several factors: "(1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit." CP Solutions, 553 F.3d at 159 (citing FED. R. CIV. P. 19(b)); see also Rubler v. Unum Provident Corp., No. 04-CV-7102, 2007 WL 188024, at *2 (S.D.N.Y. Jan. 25, 2007). Because the purpose of this proceeding is to adjudicate the competing claims to the insurance proceeds, and the United States has asserted a claim to the proceeds, the Court finds that allowing the case to proceed without the United States would be prejudicial to its claims and such prejudice could not be alleviated. Additionally, any judgment would not fully resolve the claims to the proceeds, and as discussed infra, there is an alternative basis for interpleader jurisdiction.

Therefore, Rule 22 is not a proper basis for interpleader jurisdiction.[8] If Plaintiff wishes to proceed, it must do so under Statutory Interpleader. For the reasons stated in Judge Tomlinson's R&R, the Court finds that the requirements for Statutory Interpleader will be satisfied so long as Plaintiff is willing to deposit the policy maximum of $363,000.[9]

III. BNY's Objections

A. Discharge

BNY contends that Plaintiff is not entitled to be discharged from this action because it is not a neutral stakeholder. (BNY Obj. at 3.) However, the majority of BNY's arguments are moot in light of the Court's determination that Plaintiff must deposit $363,000 to proceed. (See, e.g., BNY Obj. at 4 (discussing that Plaintiff could face further exposure up to the policy maximum and that Plaintiff underestimated the damage to

---

[8] As set forth in the R&R, there is no basis for federal question jurisdiction at this juncture. (R&R at 31, n.11.)

[9] There is minimal diversity despite the presence of the United States as a defendant because minimal diversity requires "diversity of citizenship between two or more claimants." (R&R at 18 (citing Metro. Life Ins. Co. v. Little, No. 13-CV-1059, 2013 WL 4495684, at *1 (E.D.N.Y. Aug. 17, 2013).) In this case, the requirement is met because the Colluras are citizens of New York and Bank of America, a party to the action at the time it was filed, is a citizen of Delaware and North Carolina. (R&R at 21.) See also Cayuga Const. Corp. v. United States, No. 91-CV-4883, 1993 WL 258738, at *1 (S.D.N.Y. July 6, 1993) (holding that minimal diversity existed in statutory interpleader action when United States was a party).

14

the property). It is unclear if Plaintiff will seek dismissal from the case if it elects to deposit the $363,000. In light of that uncertainty and the Colluras' counterclaim[10], the Court declines to hold that Plaintiff is entitled to discharge at this time.

B. Interest[11]

BNY maintains that Plaintiff is obligated to deposit interest under the terms of the policy. (BNY Obj. at 6-7.) Under "Additional Protection," the Policy states that Plaintiff "will pay, in addition to the limits of liability . . . interest accruing on damages awarded until such time as we have paid, formally offered, or deposited in court the amount for which we are liable under this policy; interest will be paid only on damages which do not exceed our limits of liability." (Policy at 47.) It is worth noting that BNY's argument assumes that Plaintiff will be depositing the Settlement Amount of $69,596.04--not the policy maximum. Moreover, BNY has failed to request a particular rate of interest or a specific amount of interest. Regardless, the Court finds that consideration of this issue is premature. If Plaintiff

---

[10] As set forth in the R&R, if the Colluras agree to dismiss the counterclaim, they may seek dismissal under Rule 41(a)(2). (R&R at 33, n.12.)

[11] The Court finds BNY's objections regarding the amount in controversy and Plaintiff's willingness to deposit the policy maximum to be moot. (See BNY Obj. at 5-6.)

15

elects to deposit the $363,000 to proceed, BNY may renew its request at that time.

IV. BNY's Claim

BNY also provides additional evidence that purportedly shows that BNY has a superior interest in the proceeds. (BNY Obj. at 7-9.) The Government disputes that BNY's claim is superior. (U.S. Reply at 7-10.) As Judge Tomlinson noted, the appropriate inquiry at this stage is to determine whether the Court has interpleader jurisdiction. (R&R at 15-16.) If Plaintiff deposits $363,000 with the Court, the Court will begin the process of adjudicating the claims and distributing the proceeds. BNY's request is premature and procedurally defective at this stage.[12]

V. Plaintiff's Motion for a Default Judgment Against Capital One and Countrywide

If no timely objections have been made to an R&R, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted). None of the parties have objected to Judge Tomlinson's recommendation that a default judgment be entered against Capital One and Countrywide. Accordingly, all objections are hereby deemed to have been waived. The Court finds Judge Tomlinson's R&R to be

---

[12] As noted, BNY failed to comply with several procedural rules. (See R&R at 15-17.)

16

comprehensive, well-reasoned, and free of clear error in this respect, and it adopts her recommendation.

CONCLUSION

For the foregoing reasons, BNY's objections are OVERRULED, and the R&R is ADOPTED IN PART and REJECTED IN PART. Plaintiff's motion to deposit funds (Docket Entry 56) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff may proceed under Statutory Interpleader but must deposit $363,000 with the Court. At that time, Plaintiff may request that it be discharged from the case. Plaintiff is directed to file a letter indicating if it is willing and able to deposit $363,000 with the Court within ten (10) days of the date of this Memorandum and Order.

Additionally, Plaintiff's motion for a default judgment (Docket Entry 59) is GRANTED. The Clerk of the Court is directed to enter default judgments against Capital One Home Loans, LLC and Countrywide Home Loans, Inc.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March  22 , 2017
         Central Islip, New York