```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLSTATE INDEMNITY COMPANY,

                        Plaintiff,      MEMORANDUM & ORDER
                                        15-CV-5047(JS)(AKT)
        -against-

PAUL COLLURA, CHRISTINE COLLURA,
BANK OF NEW YORK MELLON, UNITED
STATES OF AMERICA, CAPITAL ONE HOME
LOANS, LLC, and COUNTRYWIDE HOME
LOANS, INC.,

                        Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:          Karen Maria Berberich, Esq.
                        Lewis Johs Avallone Aviles, LLP
                        One CA Plaza, Suite 225
                        Islandia, New York 11749

For Defendant           Sarah Joanne Greenberg, Esq.
Bank of New York        Eckert Seaman
Mellon:                 10 Bank Street, Suite 700
                        White Plains, New York 10606

For Defendant           Wallace D. Dennis
United States:          Department of Justice, Tax Division
                        Ben Franklin Station, PO Box 55
                        Washington, DC 20044
```

SEYBERT, District Judge:

Plaintiff Allstate Indemnity Company ("Allstate") instituted this action to determine who was entitled to insurance proceeds in connection with a claim for damage to defendants Paul and Christine Collura's (the "Colluras") home. (Compl., D.E. 1.) The only remaining claimants are Bank of New York Mellon ("BNY") and the United States (the "Government"). Before the Court are

BNY's and the Government's cross-motions for summary judgment. (U.S. Mot., D.E. 109; BNY Mot., D.E. 110.) For the following reasons, the Government's motion is GRANTED and BNY's motion is DENIED.

BACKGROUND

I. Factual Background[1]

Allstate issued a homeowner's insurance policy (the "Policy") to the Colluras for their home in Southampton, New York. The Policy began on July 15, 2014 and had no fixed date of expiration. (Compl., D.E. 1, Ex. A, at ECF p. 9.) On March 16, 2015, the property sustained damage and the Colluras filed a claim with Allstate. (United States Rule 56.1 Stmt. ("U.S. Stmt."), D.E. 105-1, ¶ 8.) In August 2015, Allstate informed the Colluras it would settle the claim for $65,582.18 (the "Proceeds"). (U.S. Stmt. ¶ 9.) However, Allstate subsequently learned that there were multiple lienholders with potential claims to the Proceeds: (1) Capital One, which issued a mortgage and was on the deed for the property; (2) BNY, to which Capital One assigned the mortgage; (3) Bank of America, the mortgage servicer; (4) the United States, which had two federal tax liens on the property totaling $75,690.80 and $80,537.52, respectively; and (5) a third party who filed a Notice of Pendency against the Colluras. (U.S. Stmt. ¶ 10.)

---

[1] Unless noted, all facts are undisputed.

2

Allstate alleged that it could not determine which lienholders, if any, were entitled to the proceeds, and "interplead[ed] the Policy proceeds so that the Court can determine to whom payment should be made." (Compl. ¶¶ 20, 22.) During the course of this litigation, Allstate deposited $69,596.04 with the Court. (Deposit Letter, D.E. 95.)

The only remaining claimants are the Government and BNY.[2] The Government asserts that it is entitled to the proceeds pursuant to five federal tax liens totaling $183,065.98. (U.S. Stmt. ¶¶ 2-4.) A notice of federal tax lien was recorded in Suffolk County on April 26, 2011. (U.S. Stmt. ¶ 5.) BNY contends that it is entitled to the proceeds as the current holder of a note and mortgage executed by the Colluras on May 4, 2007, recorded prior to the Government's notice of federal tax liens. (BNY Rule 56.1 Counterstatement ("BNY Stmt."), D.E. 105-2, at 6, ¶¶ 1-4; at 7, ¶ 7.) Specifically, BNY argues that the mortgage contains a loss payee clause stating that "all of the insurance policies and renewals of those policies will include what is known as a 'Standard Mortgage Clause' to protect Lender and will name Lender as mortgagee and/or as an additional loss payee." (BNY Stmt., at 7, ¶ 5.) BNY contends that the Policy contains a loss payee clause to the named mortgagee as well. (See Policy, D.E. 57-1, at

---

[2] Capital One and Countrywide defaulted and Bank of America was dismissed from the case. (See Mem. & Order, D.E. 94, at 2.)

3

ECF p. 37, ¶ 18 ("[a] covered loss will be payable to the mortgagees named on the Policy Declarations, to the extent of their interest and in the order of precedence") (emphasis added).) BNY concedes that despite this language in the Policy, it is not named in the Policy. (BNY Br., D.E. 110-2, at 9.)

## II. Procedural History

The Government filed its motion for summary judgment on August 28, 2019. (U.S. Mot., D.E. 109.) BNY filed its cross-motion for summary judgment on October 4, 2019. (BNY Mot., D.E. 110.) The Government replied on October 21, 2019. (U.S. Reply, D.E. 111.)

## DISCUSSION

## I. Legal Standard

### A. Summary Judgment

Summary judgment will be granted where the movant demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an award of summary judgment is appropriate, the Court considers the "pleadings, deposition testimony, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011). Here, the parties agree that there are no genuine issues of material facts but disagree as to the application of the

law to the material facts not in dispute. (BNY Br., at 6; see also U.S. Br., D.E. 109-1, at 4.)

B. Priority of Liens

Under the Internal Revenue Code, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. "The priority of a federal tax lien is a matter of federal law" and "[i]n determining whether the tax lien has priority over a competing lien or claim, it is necessary to look at two factors: (1) chronological priority and (2) compliance with the doctrine of choateness." United States v. 110-118 Riverside Tenants Corp., 886 F.2d 514, 518 (2d Cir. 1989). Federal law's determination regarding competing liens is "governed by the traditional rule of 'first in time is first in right.'" Am. Ins. Co. v. N.Y. City Health & Hosps. Corp., 265 F. Supp. 2d 434, 438 (S.D.N.Y. 2003).

"As against a federal tax lien, a state lien can take priority only if, in addition to being first in time, it is choate, or fully established, before the federal lien attaches." Id. (citing Don King Prods., Inc. v. Thomas, 945 F.2d 529, 533 (2d Cir. 1991)). "A state lien is specific and perfected [and choate] when there is nothing more to be done[:] when the identity of the lienor, the property, subject to the lien, and the amount of the

lien are established." United States v. Equitable Life Assur. Soc. of U.S., 384 U.S. 323, 327, 86 S. Ct. 1561, 1564, 16 L. Ed. 2d 593 (1966) (internal quotation marks and citations omitted).

II. Application

BNY argues that it is entitled to the Proceeds under the Policy's loss payee clause, which provides that "a covered loss will be payable to the mortgagees named on the Policy Declarations, to the extent of their interest and in the order of precedence." (Policy, at ECF p. 37, ¶ 18.) Thus, BNY contends that because the mortgage was recorded prior to the federal tax lien, it has priority. The Government claims it has priority because BNY's lien was never perfected or choate. The Government argues that at most, BNY "may have an unperfected claim for an equitable lien to the insurance proceeds." (U.S. Reply at 4 (emphasis in original).)

As to chronology, the first federal tax lien was recorded in Suffolk County on April 26, 2011. (U.S. Stmt. ¶ 5.) The note and mortgage were recorded on May 27, 2007 and the assignment from Capital One to BNY was recorded on June 15, 2012, both in the Suffolk County Clerk's Office. (BNY Stmt., at 6, ¶¶ 2, 4.) The mortgage was thus recorded first in time. However, it appears from the record documents that the Policy was not issued until July 15, 2014. (Compl., Ex. A, at ECF p. 9.) The Court turns its analysis to the remaining issue: whether BNY's claim was choate at the time the mortgage was recorded.

6

BNY concedes that it was not specifically named in the Policy's loss payee clause. (BNY Br. at 9.) The Policy states that it will pay a covered loss "to the mortgagees named on the policy." (Policy, at ECF. p. 37, ¶ 18.) BNY argues that the Court should consider extrinsic evidence--such as Allstate's title search and the original policy, prior to the operative amended Policy[3]--to give the Policy its intended effect. (BNY Br. at 7, 9.) However, this runs counter to the proposition that a state lien be specific, perfected, and with nothing more to be done in order to take priority over a competing federal tax lien. Further, BNY has "instituted an action as against [the Colluras] in the Supreme Court of the State of New York, County of Suffolk . . . to recover amounts due and owing [BNY]." (BNY Stmt., at 6, ¶ 1.) However, there is no indication from this record that a judgment has been obtained.[4] "The fact that the amount is calculable once

---

[3] The Policy was amended on March 16, 2015, the same day the Property sustained damage. The amendment read that the "1st Mortgage information has been deleted." (BNY Stmt., Ex. B, Letter Confirming Policy Change, at ECF p. 40.) The parties do not address the timing of this policy amendment.

[4] Indeed, in a prior state court action (Index No. 1713/2014), Justice James F. Quinn determined that BNY had "failed to establish that it has standing to prosecute this mortgage foreclosure action" because the note had not been legally transferred to BNY. (Compl., Ex. E, Oct. 2014 Dec. & Order, at ECF pp. 139-40; see also R&R, D.E. 83, at 5 n.4 ("BNY presumes it is the lawful holder of the Note and Mortgage, but other than stating such a presumption, it does not otherwise acknowledge or address the impact of the decision from the New York Supreme Court, Suffolk County").) BNY has not apprised this Court of the status of the present state

7

default occurs is not sufficient to make it choate." 110-118 Riverside Tenants Corp., 886 F.2d at 518; see also In re Toscano, No. 08-CV-1983, 2010 WL 3174389, at *5 (E.D.N.Y. May 25, 2010) ("recogniz[ing] the requirement that for a lien to be choate, it must be in a definite amount").

Even if the Court were to overlook that BNY is not named and that the amount was not fixed prior to the federal lien, "[w]here a mortgagor is obligated under the terms of the security agreement to maintain an insurance policy on the collateral for the mortgagee's benefit, the mortgagee retains [only] an equitable lien on the derivative insurance proceeds even if the mortgagee is not named as loss payee on the policy." In re Island Helicopter Corp., 63 B.R. 515, 522 (Bankr. E.D.N.Y. 1986) (citing Nor-Shire Assocs., Inc. v. Commercial Union Ins. Co., 270 N.Y.S.2d 38, 39, 25 A.D.2d 868 (2d Dept. 1966)). "Such equitable liens may not take priority over a federal tax lien." MDC Leasing Corp. v. N.Y. Prop. Ins. Underwriting Ass'n, 450 F. Supp. 179, 180 (S.D.N.Y. 1978), aff'd, 603 F.2d 213 (2d Cir. 1979) (holding that "[t]he assignment of proceeds in an insurance policy, the amount of which is not yet fixed, would seem to be such an equitable interest which becomes a legal or choate interest only when there is a judgment

---

court action seeking judgment against the Colluras (Index No. 609800/2016). (BNY Stmt., at 6, ¶ 1.)

or appropriation of the proceeds in favor of the assignor") (internal quotation marks and citation omitted).

CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 109) is GRANTED and BNY's cross-motion (D.E. 110) is DENIED. The Government is directed to submit an appropriate order to this Court regarding disbursement of the Proceeds. Upon such disbursement, the Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 13, 2020
Central Islip, New York